No. 04-98-00859-CR

John Walter STROM,

Appellant

v.

The STATE of Texas,


Appellee

From the Bexar County Court at Law No. 9, Bexar County, Texas

Trial Court No. 676553

Honorable Wayne A. Christian, Judge Presiding

Opinion by: Tom Rickhoff, Justice

Sitting: Phil Hardberger, Chief Justice

 Tom Rickhoff, Justice

 Alma L. López, Justice

Delivered and Filed: October 20, 1999

AFFIRMED

 Appellant, John Walter Strom, was convicted by a jury of driving while intoxicated. The jury
assessed punishment at a fine of $500, court costs, and ninety days confinement in jail probated for
one year. In the sole issue presented, Strom contends that the results of his intoxilyzer test should
have been suppressed by the trial court. We will affirm the judgment of the trial court.

 FACTUAL AND PROCEDURAL BACKGROUND

 At approximately 1:30 a.m., on October 16, 1997, Strom was pulled over for speeding.
Officer Hernandez testified that Strom had blood shot eyes, his breath smelled of alcohol, and his
speech was slurred. He also testified that he administered three field sobriety test and in all the tests
Strom exhibited signs of being intoxicated. Officer Hernandez detained Strom and took him to the
sheriff's office in order to perform a breath test on him. 

 Officer Hernandez testified that at the sheriff's office he read Strom the D.W.I. statutory
warning as it appears on the DIC-24 warning card. He also testified that he told Strom if he refused
to take the test he would be placed under arrest and videotaped. Officer Hernandez gave Strom a
copy of the written D.W.I. statutory consent forms and then Strom consented to take the test. Strom
registered a breath alcohol content of .163/.165 which is above the legal limit for D.W.I. in Texas.

 Strom offered contradictory testimony. Strom testified that he was only told that if he took
the test he would lose his license for sixty days, and if he did not take the test he would lose his
license for ninety days. He also testified that he was never told that if he did not take the test a video
tape was going to be made and he would be arrested. 

 At trial, Strom moved to suppress the results of the breath test. The trial court overruled the
motion. Strom now appeals the trial court's decision.

 STANDARD OF REVIEW

 Strom argues that the trial court improperly applied the law to the facts. In reviewing the trial
court's ruling on an application of law to fact question, the appellate courts should view the evidence
in the record in the light most favorable to the trial court's ruling. See Guzman v. State, 955 S.W.2d
85, 89 (Tex. Crim. App. 1997). The trial court is in the best position to evaluate factual issues
dependent on the credibility and demeanor of the witness, and may believe or disbelieve all or any
part of a witness's testimony. Guzman, 955 S.W.2d at 89; See also Etheridge v. State, 903 S.W.2d
1, 15 (Tex. Crim. App. 1994).DISCUSSION

 A suspect's consent to a breath test must be voluntary. See Erdman v. State, 861 S.W.2d 890,
893 (Tex. Crim. App. 1993). The consent must not be the result of physical or psychological
pressure. Id. at 893. In order to ensure that consent is given freely, before an officer may request a
person to submit to the taking of a breath test, the officer must give the warnings contemplated by
TEX. TRANSP. CODE ANN. § 724.015 (Vernon 1999). (1) Law enforcement officials are not permitted
to warn D.W.I. suspects of consequences arising from refusal to take the breath test not contemplated
by section 724.015. See Erdman, 861 S.W.2d at 893 (Construing Texas Revised Civil Statutes article
6701 l-5 § 2). 

 Strom does not dispute that Officer Hernandez gave appropriate statutory warnings contained
in the DIC-24. However, Strom contends that he was given additional information not contemplated
by section 724.015. In particular, Strom now argues that he was told that if he refused the breath test
he would be videotaped and arrested. This warning is a non-statutory warning of the type that
normally results in significant psychological pressure upon a D.W.I. suspect to consent to the taking
of a breath test. See Erdman, 861 S.W.2d at 894. The State has the burden to show that the non-statutory information had no bearing on Strom's decision to consent. See Id. at 894. If there is a
causal connection between an improper warning and the decision to submit to a breath test, then
Strom's consent can be consider involuntary. See Texas Dep't of Public Safety v. Rolfe, 986 S.W.2d
823 (Tex. App.-Austin 1999, no pet.). The results of a breath test involuntarily consented to due to
coercion should be held inadmissible. See Erdman, 861 S.W.2d at 894.

 However, Strom testified that these improper warnings were not given.(2) Between the
conflicting testimony of Officer Hernandez and Strom there is sufficient evidence in the record that
the appropriate warnings were given, and that Strom voluntarily consented to the breath test. Officer
Hernandez testified that he read Strom the D.W.I. statutory consent forms word for word, that Strom
acknowledged he understood the warnings, and that he provided Strom with a copy of the warning.
In addition, Strom testified that no non-statutory warnings concerning the results of his refusal were
given. Even if the evidence of the improper warning was taken as fact, Strom's own testimony
would support a finding of a lack of causal connection between those warnings and Strom's consent. 

 As this court is limited to reviewing the evidence in the light most favorable to the trial courts
ruling, we conclude the trial court did not err in denying the motion to suppress. See Guzman, 955
S.W.2d at 89. The judgment of the trial court is affirmed. 


 Tom Rickhoff, Justice

DO NOT PUBLISH


1. In accordance with section 724.015 the officer shall inform the person: (1) if the person refuses to submit to
the breath test, that refusal may be admissible in a subsequent prosecution; (2) if the person refuses to submit to the
breath test, the person's license to operate a motor vehicle will be automatically suspended.
2. Question: He never told you that if you didn't take this test they were going to video you and book you for
DWI? Answer: No, he did not. Question: So all he told you, "If you pass it, you lose it for 60; if you don't, you're going
to lose it for 90"; is that correct? Answer: Yeah. He told me if I took the test, I would lose it for 60; if I didn't take it, I
would lose it for 90.